UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRNA MARTINEZ SANTIAGO

                                           Case No. 22-cv-00228 (JGK)

                 Plaintiff,

       -against-

ACACIA NETWORK, INC., PROMESA
ADMINISTRATIVE SERVICES ORGANIZATION,
INC. (PASO), DAVID GLASEL, LYMARIS
ALBORS and RAUL RUSSI,

                 Defendants.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
ACACIA NETWORK, INC. and PROMESA ADMINISTRATIVE SERVICES
ORGANIZATION, INC.'S MOTION TO DISMISS**

Peter T. Shapiro
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, NY 10005
Tel.: (212) 232-1300
Peter.Shapiro@lewisbrisbois.com
*Attorneys for Defendants Acacia Network, Inc. and
Promesa Administrative Services Organization, Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT ..................................... 2

ARGUMENT ........................................................................................................ 4

   I.   PLAINTIFF HAS NOT STATED A HOSTILE WORK ENVIRONMENT
      CLAIM .................................................................................................... 4

      A.   The NYCHRL hostile environment claim is not sufficiently pleaded ................... 4

      B.   Plaintiff's constructive discharge allegations are insufficient ............................... 6

   II.   PLAINTIFF FAILS TO STATE ANY DISPARATE TREATMENT CLAIMS .......... 8

      A.   The Complaint does not support an inference of race or color
          discrimination ......................................................................................... 11

      B.   The national origin claim is insufficiently supported ........................................... 13

      C.   The Complaint does not support an inference of age discrimination ................. 15

      D.   The Complaint does not support an inference of gender discrimination ............. 16

   III.   PLAINTIFF HAS NOT STATED ANY VIABLE DISPARATE PAY CLAIMS ....... 16

      A.   Plaintiffs' EPA claim (the Tenth Cause of Action) is time-barred ...................... 16

      B.   Plaintiff's EPA and NYLL claims (the Tenth & Eleventh Counts) lack
          merit ...................................................................................................... 17

      C.   Plaintiff's duplicative NYCHRL pay disparity claim should be dismissed ........ 18

   IV.   PLAINTIFF HAS NOT STATED ANY RETALIATION CLAIMS ......................... 19

      A.   Plaintiff does not allege materially adverse employer action .............................. 21

      B.   The Complaint does not permit an inference of any plausible causal
          connections ............................................................................................ 23

CONCLUSION ..................................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*Alfano v. Costello*,
    294 F.3d 365 (2d Cir. 2002)...........................................................................................5

*Ardigo v. J. Christopher Capital, LLC*,
    12 Civ. 3627 (JMF), 2013 WL 1195117 (S.D.N.Y. Mar. 25, 2013) ......................................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................................13

*Assue v. UPS, Inc.*,
    16 CV 7629 (CS), 2018 WL 136532, 2018 U.S. Dist. LEXIS 136532
    (S.D.N.Y. Aug. 13, 2018) .................................................................................................9

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)................................................................................................24

*Avent v. Progressive Cas. Ins. Co.*,
    19 CV 10907, 2021 WL 168500 (S.D.N.Y. Jan. 19, 2021).....................................................12

*Awad v. City of New York*,
    13 Civ. 5753 (BMC), 2014 WL 1814114 (E.D.N.Y. May 7, 2014)........................................8

*Barney v. H.E.L.P. Homeless Serv. Corp.*,
    19 CV 5959, 2021 U.S. Dist. LEXIS 178813 (S.D.N.Y. Sept. 20, 2021) ................................8

*Belfi v. Prendergast*,
    191 F.3d 129 (2d Cir. 1999)..............................................................................................17

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................24

*Bentley-Ammonds v. Northwell Health, Inc.*,
    2022 WL 893716 (2d Cir. Mar. 28, 2022)...........................................................................13

*Benzinger v. Lukoil Pan Americas, LLC*,
    447 F. Supp. 3d 99 (S.D.N.Y. 2020)...................................................................................17

*Bermudez v. City of New York*,
    783 F. Supp. 2d 560 (S.D.N.Y. 2011).................................................................................18

*Bernard v. JP Morgan Chase Bank NA*,
    408 F. App'x 465 (2d Cir. 2011) .......................................................................................15

*Black v. Buffalo Meat Serv., Inc.*,

15-CV-49S, 2021 WL 2043006 (W.D.N.Y. May 21, 2021) ........................................17

*Bliss v. MXK Rest. Corp.*,
220 F. Supp. 3d 419 (S.D.N.Y. 2016).........................................................................9

*Brown v. Coach Stores, Inc.*,
163 F.3d 706 (2d Cir. 1998).........................................................................................10

*Burlington N. & Santa Fe Railway Co. v. White*,
548 U.S. 53 (2006).........................................................................................................20

*Cardwell v. Davis Polk & Wardwell LLP*,
19-CV-10256 (GHW), 2020 WL 6274826 (S.D.N.Y. Oct. 24, 2020)...................12

*Carter v. Verizon*,
No. 13 Civ. 7579 (KPF), 2015 WL 247344 (S.D.N.Y. Jan. 20, 2015)................6, 9

*Chamberlin v. Principi*,
247 F. App'x 251 (2d Cir. 2007) .............................................................................23

*Clark County Sch. Dist. v. Breeden*,
532 U.S. 268 (2001).....................................................................................................23

*Colon v. Fashion Inst. of Tech. (State Univ. of New York)*,
983 F. Supp. 2d 277 (S.D.N.Y. 2013).........................................................................4

*Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*,
140 S. Ct. 1009 (2020).................................................................................................12

*Culmone-Simeti v. N.Y.C. Dep't of Educ.*,
No. 17 Civ. 2313, 2018 WL 3384437 (S.D.N.Y. July 11, 2018) .............................4

*Daniels v. City of New York*,
17 Civ. 9960 (LGS), 2017 WL 2559942 (S.D.N.Y. Jan. 17, 2019) ......................12

*Danzer v. Norden Sys., Inc.*,
151 F.3d 50 (2d Cir. 1998)...........................................................................................13

*Donner-Hedrick v. New York Inst. of Technology*,
874 F. Supp. 2d 227 (S.D.N.Y. 2012).......................................................................23

*Dorsey v. Fisher*,
468 F. App'x 25 (2d Cir. 2012) ...............................................................................19

*EEOC v. Port Auth. of N.Y. & N.J.*,
768 F.3d 247 (2d Cir. 2014).....................................................................................8, 17

*Fair Hous. Just. Ctr., Inc. v. JDS Dev. LLC*,
443 F. Supp. 3d 494 (S.D.N.Y. 2020).........................................................................8

*Feliciano v. City of New York*,
14 Civ. 6751 (PAE), 2015 WL 4393163 (S.D.N.Y. July 15, 2015) .........................................5

*Fletcher v. Dakota, Inc.*,
99 A.D.3d 43 (1st Dep't 2012) ...............................................................................................19

*Forrest v Jewish Guild for the Blind*,
3 N.Y.3d 295 (2004) ................................................................................................................20

*Galdieri-Ambrosini v. Nat'l Realty & Devel. Corp.*,
136 F.3d 276 (2d Cir. 1998)....................................................................................................16

*Gaughan v. Rubinstein*,
261 F. Supp. 3d 390 (S.D.N.Y. 2017).......................................................................................6

*Gorzynski v. JetBlue Airways Corp.*,
596 F.3d 93 (2d Cir. 2010).................................................................................................8, 15

*Graham v. Long Island R.R.*,
230 F.3d 34 (2d Cir. 2000)................................................................................................10, 12

*Gross v. FBL Financial Services, Inc.*,
557 U.S. 167 (2009).....................................................................................................8, 14, 15

*Gue v. Suleiman*,
10 Civ. 8958 (RLE), 2012 WL 4473283, 2012 U.S. Dist. LEXIS 141295
(S.D.N.Y. Sept. 27, 2012)..........................................................................................................9

*Hicks v. Baines*,
593 F.3d 159 (2d Cir. 2010).....................................................................................................22

*House v. Wackenhut Servs.*,
10 Civ. 9476, 2012 U.S. Dist. LEXIS 130879, 2012 WL 4017334 (S.D.N.Y.
Aug. 20, 2012) ............................................................................................................................1

*James v. Countrywide Fin. Corp.*,
849 F. Supp. 2d 296 (E.D.N.Y. 2012) .....................................................................................23

*Johnson v. Morrison & Foerster LLP*,
14 CV 428, 2015 WL 845723 (S.D.N.Y. Feb. 26, 2015) ..........................................................4

*Johnstone v. Monticello*,
14 Civ. 9523 (LMS), 2016 U.S. Dist. LEXIS 194530 (S.D.N.Y. June 15,
2016), *aff'd*, 691 F. App'x 657 (2d Cir. 2017) ........................................................................6

*Karupaiyan v. CVS Health Corp.*,
19-CV-8814 (KPF), 2021 WL 4341132 (S.D.N.Y. Sept. 23, 2021) .......................................18

*Kim v. Goldberg, Weprin, Finkel, Goldstein, LLP*,
   120 A.D.3d 18 (1st Dep't 2014) ..................................................................5

*Knight v. City of New York*,
   303 F. Supp. 2d 485 (S.D.N.Y. 2004), *aff'd,* 147 F. App'x 221 (2d Cir. 2005) .....................20

*La Porta v. Alacra, Inc.*,
   142 A.D. 3d 851 (1st Dep't 2016) .................................................................6

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015) .........................................................................9

*Llanos v. City of New York*,
   129 A.D.3d 620 (1st Dep't 2015) .................................................................9

*Lott v. Coreone Techs., LLC*,
   14 Civ. 5848 (CM), 2016 WL 462486 (S.D.N.Y. Feb. 2, 2016) ..........................22

*Mascola v. City University of New York*,
   14 A.D.3d 409 (1st Dep't 2005) ...................................................................7

*Mathirampuzha v. Potter*,
   548 F.3d 70 (2d Cir. 2008) ..........................................................................20

*Matima v. Celli*,
   228 F.3d 68 (2d Cir. 2000) ..........................................................................24

*McHenry v. Fox News Network, Inc.*,
   510 F. Supp. 3d 51 (S.D.N.Y. 2020) ............................................................8

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
   715 F.3d 102 (2d Cir. 2013) .........................................................................8

*Morris v Schroder Capital Mgt. Intl.*,
   7 N.Y.3d 616 (2006) ...................................................................................7

*Moore v. Verizon*,
   13 Civ. 6467 (RJS), 2016 WL 825001 (S.D.N.Y. Feb. 5, 2016) ..........................4, 14

*Murphy v. Dep't of Educ. of City of New York*,
   155 A.D.3d 637 (2d Dep't 2017) .................................................................7

*Nieblas-Love v. New York City Hous. Auth.*,
   165 F. Supp. 3d 51 (S.D.N.Y. 2016) ............................................................4

*Osborne v Moody's Inv'rs. Serv., Inc.*,
   17 Civ. 1859 (ALC), 2018 WL 1441392 (S.D.N.Y. March 22, 2018) ...................12

*Pahuja v. Am. Univ. of Ant.*,
    11 Civ. 4607 (PAE), 2012 WL 6592116 (S.D.N.Y. Dec. 18, 2012) .....................................19

*Patane v. Clark*,
    508 F.3d 106 (2d Cir. 2007).......................................................................................18, 19

*Petrosino v. Bell Atlantic*,
    385 F.3d 210 (2d Cir. 2004).........................................................................................6, 10

*Phillips v. Mt. Sinai Med. Ctr.*,
    01 Civ. 5656 (GBD), 2006 U.S. Dist. LEXIS 2606 (S.D.N.Y. Jan. 24, 2006).......................23

*Ragin v. East Ramapo Cent. Sch. Dist.*,
    417 F. App'x 81 (2d Cir. 2011) .............................................................................................23

*Reed v. A.W. Lawrence & Co.*,
    95 F.3d 1170 (2d Cir. 1996).................................................................................................23

*Regis v. Metro. Jewish Geriatric Ctr.*,
    97 Civ. 0906 (ILG), 2000 WL 264336 (S.D.N.Y. Jan. 11, 2000) ...........................................20

*Richardson v. N.Y.S. Dep't of Correctional Serv.*,
    180 F.3d 426 (2d Cir. 1999)...................................................................................................5

*Roenick v. Flood*,
    20 Civ. 7213 (JPC), 2021 WL 2355108 (S.D.N.Y. June 9, 2021) ...........................................13

*Sanders-Peay v. NYC Dep't of Educ.*,
    14 Civ. 4534 (CBA) (MDG), 2014 WL 6473507 (E.D.N.Y. Nov. 18, 2014).........................5

*Scott v. City of New York Dept. of Correction*,
    04 Civ. 9638 (SHS), 2009 WL 1683350 (S.D.N.Y. Jun. 17, 2009) .......................................20

*Solomon v. Fordham University*,
    18 Civ. 4615 (ER), 2020 WL 7711697 (S.D.N.Y. Dec. 29, 2020)..........................................12

*Spence v. Md. Cas. Co.*,
    995 F.2d 1147 (2d Cir. 1993).................................................................................................7

*Stinnett v. Delta Air Lines, Inc.*,
    803 F. App'x 505 (2d Cir. 2020) ..........................................................................................10

*Thompson v. Lamprecht*,
    39 A.D.2d 846 (2d Dep't 2007).............................................................................................7

*Tomassi v. Insignia Fin. Grp., Inc.*,
    478 F.3d 111 (2d Cir. 2007)...................................................................................................14

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015) ..................................................................................8

*Wanamaker v. Columbian Rope Co.*,
    108 F.3d 462 (2d Cir. 1997) ...............................................................................20

*Weinstock v. Columbia Univ.*,
    224 F.3d 33 (2d Cir. 2000), *cert. denied,* 540 U.S. 811 (2003) ........................20

*Wellner v. Montefiore Med. Ctr.*,
    17 Civ. 3479 (KPF), 2019 WL 4081898 (S.D.N.Y. August 19, 2019) .................8

*Whidbee v. Garzarelli Food Specialties, Inc.*,
    223 F.2d 62 (2d Cir. 2000) ...................................................................................7

*Whitfield-Ortiz v. Dep't of Educ. of the City of N.Y.*,
    116 A.D.3d 580 (1st Dep't 2014) .........................................................................9

*Woodard v. TWC Media Sols.*,
    09 Civ. 3000 (BSJ), 2011 WL 70386 (S.D.N.Y. Jan. 4, 2011), *aff'd sub nom.*
    487 F. App'x 613 (2d Cir. 2012) ........................................................................14

*Wooding v. Winthrop Univ. Hosp.*,
    16 Civ. 4477 (ADS), 2017 WL 90559 (E.D.N.Y. June 12, 2017) .......................12

*Wu v. Good Samaritan Hosp. Med. Ctr.*,
    815 F. App'x 575 (2d Cir. 2020) ........................................................................18

*Yan v. Ziba Mode Inc.*,
    15 Civ. 47 (RJS), 2016 WL 1276456 (S.D.N.Y. Mar. 29, 2016) .......................12

**Statutes**
29 U.S.C. §§ 621 et seq. ............................................................................8, 15, 21

42 U.S.C. § 1981 ...............................................................................8, 12, 19, 21

29 U.S.C. §§ 206, et seq. ...................................................................................16

New York Labor Law § 194 ................................................................................17

New York State Human Rights Law ............................................................ passim

New York City Human Rights Law ............................................................. passim

**Rules**
Federal Rule of Civil Procedure 12(b)(6) ...........................................1, 10, 19

Federal Rule of Civil Procedure 26(c) ....................................................1, 2

## PRELIMINARY STATEMENT

Defendants Acacia Network, Inc. and Promesa Administrative Services Organization, Inc. (PASO) (collectively "Acacia"), by their attorneys Lewis Brisbois Bisgaard & Smith LLP, submit this memorandum of law in support of their motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to stay discovery under Rule 26(c).

As demonstrated below, Plaintiff's prolix Second Amended Complaint (the "Complaint"; cited as "2AC") fails to state any claims on which relief can be granted, including because one claim is time-barred. Plaintiff simply has not stated plausible claims that Acacia violated the federal, state and city discrimination laws. Unfortunately, "like entirely too many employment discrimination claims," Plaintiff "does nothing more than allege the familiar faulty syllogism: something bad happened to me at work; I am (fill in the blank with one of more protected categories); therefore it must have happened because I am (fill in the blank with the applicable protected category/ies." *House v. Wackenhut Servs.*, 10 Civ. 9476, 2012 U.S. Dist. LEXIS 130879, at *2-3, 2012 WL 4017334 (S.D.N.Y. Aug. 20, 2012). Her conjecture that she was treated less well than others due to her membership in any protected groups or her protected activity is insufficiently plausible to justify permitting this case to proceed to discovery.

Plaintiff fails to plead a hostile environment under the NYCHRL because she does not allege any harassing conduct plausibly attributable to her protected characteristics. Her related allegation of constructive discharge fails because she cannot present the mandatory allegation of an especially intolerable workplace environment.

Similarly, Plaintiff fails to present any basis for a plausible inference of disparate treatment based on her race, color, national origin, age, or gender. She does not allege any direct evidence

of discrimination in the context of her employment, and she instead relies on the allegedly more favorable treatment of colleagues which does not support her claims because those individuals are not shown to be proper comparators because they are not similarly situated in all material respects.

The Court should also dismiss Plaintiff's disparate pay claims due to the same failure to identify a proper comparator who was paid more. Moreover, her Equal Pay Act claim is time-barred.

Finally, Plaintiff's retaliation claims should be dismissed because she fails to plausibly allege protected activity that is causally linked to any adverse actions reasonably likely to deter a person from engaging in protected activity.

Because Plaintiff has already amended twice, and she remains unable to frame a viable complaint, the Court should dismiss this action with prejudice. Further good cause exists under Rule 26(c) to stay discovery pending a decision on the motion.

## THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff Mirna Martinez Santiago, Black woman of Honduran descent, was hired by Acacia in 2016 when she was 48-years old  was hired by Acacia in October 2016 as Deputy Counsel for Litigation in the Office of Legal Affairs. (2AC ¶¶ 14, 15)  Plaintiff's duties and responsibilities included supervising active litigations, outside counsel, and other attorneys and staff and for a time she also oversaw risk management. (¶ 36)  She worked at Acacia until her September 20, 2019 resignation. (¶ 82) Before she resigned, Acacia gave her salary and cost of living increases (¶¶ 45-47) and in June 2019 it promoted her to Senior Deputy Counsel for Litigation. (¶ 47)  She does not allege that she was replaced after she resigned.

Plaintiff alleges that she was subjected to disparate treatment on the basis of her color (Black), national origin (Honduran), age (over 40), and gender (female) and was subjected to a

hostile environment based on race, color, national origin and age. She also claims she engaged in protected activity by complaining internally in 2017 and 2018, and that Defendants retaliated against her.

The alleged actionable conduct is recapped below. It does not include any citation of statements evincing animus towards any of Plaintiff's five protected characteristics. For the most part, Plaintiff posits that she was subjected to disparate treatment and a hostile environment not because she was harassed based on her protected characteristics, but rather because others were treated more favorably.

Plaintiff alleges that Giamaro Rosado, a Puerto Rican and younger, more junior attorney in the Legal Department, was promoted above her and given higher raises. (¶¶ 38, 40, 43, 45, 46) This was supposedly the result of the desire of Defendant Lymaris Albors to promote young Puerto Rican woman. (¶¶ 25, 87)  Albors too was promoted twice. (¶¶ 84-87)  But Plaintiff also asserts that Acacia afforded favorable treatment to Russell Palmer, a White male and is not Hispanic, who was hired after Plaintiff. (¶¶ 33, 53, 56, 59, 227)

The Complaint asserts that Plaintiff engaged in protected activity in 2017 and 2018 via internal complaints about her compensation and how she was being treated compared to certain peers. (¶¶ 61, 64, 179) Plaintiff alleges four retaliatory acts: first, in 2018, her supervisor, Defendant David Glasel, stopped talking to her after she engaged in protected activity and then yelled at her while reprimanding her (¶ 65); second, Katrina Jones, Director of Human Resources, reprimanded her in May 2019; third, during the same month she was told she could no longer engage in outside speaking engagements (¶¶ 77, 185); and fourth, apparently at around the same time, a nepotism rule was applied to bar hiring her step-daughter (¶¶ 77-81). Three of those four acts were more than a year after the last protected activity in 2018.

Given Plaintiff's failure to identify any other acts of harassment, it would seem she contends that the retaliatory conduct – all unconnected in any way to any protected characteristic – gave rise to a hostile environment. Notwithstanding the failure to identify especially egregious harassment, and her having resigned without attempting to save her job, she contends that she was constructively discharged so that she can seek lost wages.

## ARGUMENT

## I.  PLAINTIFF HAS NOT STATED A HOSTILE WORK ENVIRONMENT CLAIM

### A.  The NYCHRL hostile environment claim is not sufficiently pleaded

Plaintiff alleges hostile environment under the NYCHRL (the Ninth Cause of Action) based on race, color, national origin and age. (2AC ¶ 222)  "[T]he elements of a prima facie case provide an outline of what is necessary to render a plaintiff's employment discrimination claims for relief plausible." *Johnson v. Morrison & Foerster LLP*, 14 CV 428 (JMF), 2015 WL 845723 (S.D.N.Y. Feb. 26, 2015) (citations omitted). To state an NYCHRL hostile work environment claim, Plaintiff must plausibly allege "unequal treatment based upon membership in a protected class." *Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 68 (S.D.N.Y. 2016).  In other words, she must show that she was "treated 'less well' because of discriminatory intent." *Colon v. Fashion Inst. of Tech. (State Univ. of New York)*, 983 F. Supp. 2d 277, 292 (S.D.N.Y. 2013); *see also Moore v. Verizon*, 13 Civ. 6467 (RJS), 2016 WL 825001, at *11 (S.D.N.Y. Feb. 5, 2016) ("[T]he broader remediation available under the City law does not allow the Plaintiff to dispense with linking [her] claim of hostility to some attitude that the law forbids."). "[T]rivial harms—i.e., those petty slights or minor annoyances that often take place at work and that all employees experience", are insufficient to establish a hostile work environment. *Culmone-Simeti v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2313, 2018 WL 3384437, at *7 (S.D.N.Y. July 11, 2018).

*See Kim v. Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 A.D.3d 18, 23 (1st Dep't 2014) (dismissing NYCHRL hostile work environment claim because "a reasonable person would consider the complained-of conduct nothing more than petty slights and trivial inconveniences").

Plaintiff has not alleged any usage of an "unambiguously [discriminatory] epithet" or any other evidence of discriminatory animus or offensive conduct. *Richardson v. N.Y.S. Dep't of Correctional Serv.*, 180 F.3d 426, 439 (2d Cir. 1999). Plaintiff merely asserts that she was unhappy with some of the conduct she experienced while employed by Acacia, without being able to link any of that conduct to her membership in protected groups. That is insufficient because it is "important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination.  Otherwise, the federal courts will become a court of personnel appeals." *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002).  such "[n]aked assertions of . . . discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss." *Sanders-Peay v. NYC Dep't of Educ.*, 14 Civ. 4534 (CBA) (MDG), 2014 WL 6473507, at *3 (E.D.N.Y. Nov. 18, 2014) (internal quotation marks omitted).

Fatally for Plaintiff's claims, her pleading is predicated entirely on naked assertions of discriminatory animus. Because she cannot connect the conduct characterized as harassing to any protected characteristic, she has not pleaded a plausible claim that any of the allegedly offensive conduct occurred because of any such characteristic. *Feliciano v. City of New York*, 14 Civ. 6751 (PAE), 2015 WL 4393163, at *14 (S.D.N.Y. July 15, 2015), is on point. There, the Court dismissed the NYCHRL hostile work environment claim because plaintiff did "not allege that the limited acts on which [the] hostile work environment claim [were] based were discriminatory." So too

here, Plaintiff proffers no basis to connect Acacia's neutral conduct in supervising her conduct to her membership in a protected group. Plaintiff's displeasure with Glasel's allegedly shouted criticism also lacks the requisite inference of a discriminatory animus underlying the conduct at issue. Here, as in *Gaughan v. Rubinstein,* 261 F. Supp. 3d 390, 416-417 (S.D.N.Y. 2017), a hostile environment claim cannot proceed because there is no basis to infer that supervisors' conduct was motivated by a discriminatory animus. As in that case, Plaintiff's frustrations and annoyances with her supervisor do not give rise to an actionable claim.

To the extent Plaintiff rests her claim on Albors' alleged comment about a preference for young Puerto Rican women, this alleged isolated offensive comment is insufficient to give rise to a hostile environment even under the NYCHRL. The comment was not about Plaintiff and does not reflect that she was treated less well than her peers who do not belong to her protected classes. *See Johnstone v. Monticello*, 14 Civ. 9523 (LMS), 2016 U.S. Dist. LEXIS 194530 (S.D.N.Y. June 15, 2016), *aff'd*, 691 F. App'x 657 (2d Cir. 2017) (reliance on a single incident to support a hostile work environment claim is insufficient); *Carter v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 WL 247344, at *9 (S.D.N.Y. Jan. 20, 2015) (granting motion to dismiss because "an isolated comment cannot plausibly state a claim for hostile work environment" and "[p]laintiff's failure to allege a link to his gender require[d] that they be dismissed").

### B.  Plaintiff's constructive discharge allegations are insufficient

To sufficiently allege constructive discharge under the NYCHRL, Plaintiff must show that Acacia, "rather than discharging [her] directly, intentionally creates a work atmosphere so intolerable that [she] is forced to quit involuntarily." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 229 (2d Cir. 2004) (internal quotations omitted; bracketed content added). Plaintiff must allege treatment that rises to the level of intolerability. *La Porta v. Alacra, Inc.,* 142 A.D. 3d 851, 852-

53 (1st Dep't 2016). Even assuming that Plaintiff's meager hostile environment claim is deemed sufficient at the pleading stage, her allegations of constructive discharge predicated on the same thin allegations cannot satisfy the high standard necessary to prove constructive discharge. To prevail on this claim, Plaintiff must show that Acacia engaged in deliberate action; i.e., something beyond more negligence or ineffectiveness. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.2d 62, 74 (2d Cir. 2000); *Morris v Schroder Capital Mgt. Intl.,* 7 N.Y.3d 616, 621-622 (2006) ("Constructive discharge occurs when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation" (internal quotation marks omitted); *Mascola v. City University of New York*, 14 A.D.3d 409 (1st Dep't 2005); *Thompson v. Lamprecht*, 39 A.D.2d 846 (2d Dep't 2007). Plaintiff is required to show that a reasonable person would have "had no alternative but to resign." *Spence v. Md. Cas. Co.,* 995 F.2d 1147, 1157 (2d Cir. 1993).

Plaintiff alleges nothing that remotely meets that standard. Notably, the conditions could not have been that intolerable given that she did not resign until September 2019 despite having endured sporadic allegedly hostile acts in 2018 and again earlier in 2019. She does not allege that before resigning she complained to human resources or anyone else that the atmosphere had become so intolerable that she might have to resign. Given her status as an experienced attorney, her position at Acacia, and previous internal complaints about discrimination (¶¶ 61, 64, 179), she surely knew she could have done so. Typically, courts will not find a constructive discharge "where an employee had an avenue through which she could seek redress for the allegedly 'intolerable' work atmosphere leading up to her resignation, but failed to take advantage thereof." *Murphy v. Dep't of Educ. of City of New York*, 155 A.D.3d 637, 640 (2d Dep't 2017) (citation omitted).

## II.    PLAINTIFF FAILS TO STATE ANY DISPARATE TREATMENT CLAIMS

Plaintiff alleges disparate treatment under Title VII (First and Second Causes of Action),

the ADEA (Third Cause of Action), the NYSHRL (Fourth Cause of Action), the NYCHRL (Fifth

Cause of Action), and Section 1981 (Thirteenth Cause of Action). The applicable pleading

standards for disparate treatment claims are the same under Title VII, § 1981, and the NYSHRL.[1]

*See Awad v. City of New York*, 13 Civ. 5753 (BMC), 2014 WL 1814114, at *5 (E.D.N.Y. May 7,

2014). Plaintiff must plausibly allege that she belonged to a protected class, she was qualified for

her position, and she suffered an adverse employment action that occurred under circumstances

giving rise to an inference of discriminatory intent. *Vega v. Hempstead Union Free Sch. Dist.*, 801

F.3d 72, 83 (2d Cir. 2015).  Even under the NYCHRL Plaintiff "bears the burden of showing that

the conduct is caused by a discriminatory motive." *Mihalik v. Credit Agricole Cheuvreux N. Am.,

Inc.*, 715 F.3d 102, 109-110 (2d Cir. 2013).  Under the ADEA, and under the NYSHRL to the

extent age discrimination is alleged, Plaintiff must plead and prove that age discrimination was the

sole reason for the employer's conduct. *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167

(2009); *Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 105-06 (2d Cir. 2010).

A discrimination complaint must "at a minimum assert nonconclusory factual matter

sufficient to nudge its claims across the line from conceivable to plausible." *EEOC v. Port Auth.

of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (citations omitted). Facially neutral conduct does

not become actionable merely because of an employee's unsupported subjective belief that the

---

[1] While recent NYSHRL amendments lower the threshold to prove hostile environment, those amendments are not retroactive and "only apply to claims that accrue on after the effective date of October 11, 2019". *Wellner v. Montefiore Med. Ctr.,* 17 Civ. 3479 (KPF), 2019 WL 4081898, at *5 n. 4 (S.D.N.Y. August 19, 2019); *McHenry v. Fox News Network, Inc.,* 510 F. Supp. 3d 51, 68-69 (S.D.N.Y. 2020). Since the cause of action accrues and the limitations period begins to run on the date of the allegedly discriminatory act (*Fair Hous. Just. Ctr., Inc. v. JDS Dev. LLC,* 443 F. Supp. 3d 494, 504 (S.D.N.Y. 2020)), the hostile environment claims here are all governed by the previous NYSHRL standard because the alleged harassment occurred prior to the effective date of the liberalized statute given that Plaintiff resigned on September 20, 2019 (2AC ¶ 82).  *See also Barney v. H.E.L.P. Homeless Serv. Corp.,* 19 Civ.5959 (KPF), 2021 U.S. Dist. LEXIS 178813, at *n.12 (S.D.N.Y. Sept. 20, 2021).

employer's motive for the conduct at issue is discriminatory. *Assue v. UPS, Inc.,* 16 CV 7629 (CS), 2018 WL 136532, 2018 U.S. Dist. LEXIS 136532, at *39 (S.D.N.Y. Aug. 13, 2018); *Gue v. Suleiman*, 10 Civ. 8958 (RLE), 2012 WL 4473283, 2012 U.S. Dist. LEXIS 141295, at *23 (S.D.N.Y. Sept. 27, 2012) Thus, the courts regularly grant motions to dismiss when, as here, the plaintiff does not plausibly allege that she suffered adverse action because of her membership in a protected category. *See, e.g., Bliss v. MXK Rest. Corp*., 220 F. Supp. 3d 419, 424 (S.D.N.Y. 2016) (dismissing NYSHRL and NYCHRL claims because plaintiff failed to allege a causal connection between the conduct she experienced and her gender); *Carter v. Verizon*, 13 Civ. 7579 (KPF), 2015 WL 247344, at *5 (S.D.N.Y. Jan. 20, 2015) (dismissing NYSHRL and NYCHRL claims because the plaintiff made "only conclusory allegations and d[id] not provide any indication of how any alleged adverse or dis[-]preferential employment action was connected to [] gender or age"); *see also Llanos v. City of New York*, 129 A.D.3d 620 (1st Dep't 2015) (dismissing NYCHRL claim due to the "failure to adequately plead discriminatory animus").

As demonstrated below, Plaintiff's various allegations about Defendants' conduct fails to furnish any plausible inference of a connection between that conduct and Plaintiff's membership in a protected class. As the Second Circuit has explained: "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in . . . degrading terms [related to a protected characteristic]; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015); *see also Whitfield-Ortiz v. Dep't of Educ. of the City of N.Y.*, 116 A.D.3d 580, 581 (1st Dep't 2014) (dismissing NYCHRL claims in absence of "allegations of any comments or references to plaintiff's age or

race made by any employee of defendants" or "factual allegations demonstrating that similarly situated individuals who did not share plaintiff's protected characteristics were treated more favorably than plaintiff").

Plaintiff's disparate treatment claims largely center on allegedly preferential treatment of other Acacia employees, each of whom are members of some but not all of her protected groups. Only Plaintiff is alleged to have a Honduran national origin. (2AC ¶ 15) Where, as here, Plaintiff relies on alleged comparators to infer discrimination, all of the statutes she sues under required that she plead plausible allegations that she was similarly situated in all material respects to the individuals to whom she seeks to compare herself. *Graham v. Long Island R.R.*, 230 F.3d 34, 39-40 (2d Cir. 2000); *Stinnett v. Delta Air Lines, Inc.,* 803 F. App'x 505, 509 (2d Cir. 2020) (affirming grant of Rule 12(b)(6) motion dismissing NYCHRL claim due to plaintiff's failure to allege that comparators were similarly situated).

Further, to the extent Plaintiff's claim of disparate treatment is premised on the notion that she should have been promoted instead of Rosado (¶¶ 55, 64, 108), it is a disguised failure to promote claim and the elements for such a claim have not been pleaded. In order to establish a *prima facie* claim for failure to promote, Plaintiff would have been required to allege that: 1) she is a member of a protected class; 2) her job performance was satisfactory; 3) she applied for and was denied promotion to a position for which she was qualified; and 4) the position remained open and the employer continued to seek applicants. *Petrosino v. Bell Atlantic*, 385 F.3d 210, 226 (2d Cir. 2004)). *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 709 (2d Cir. 1998) (citation omitted). Plaintiff does not allege that she ever applied for the promotion allegedly given to Rosado for discriminatory reasons.  Moreover, she was herself given a promotion and a raise.

**A.  The Complaint does not support an inference of race or color discrimination**

Plaintiff's race and color discrimination claims fail because she does not allege any facts to infer race-based animus. Plaintiff does not allege any degrading remarks aimed at her alleged race (Black) or her dark complexion. She relies instead on the comparative treatment of other employees, specifically, Russell Palmer, a White male, and Albors and Rosado, females who are "not Black."  (¶¶ 21, 236) as well as Perez-Cubillan. (¶¶ 17, 21, 78)  But Plaintiff does not allege that any of those individuals are otherwise similarly situated to her in all material respects. She provides no context at all as to Perez-Cubillan other than that she is a light-skinned Hispanic who was allowed to engage in public speaking events without restriction. (¶ 78) The other three comparators obviously held very different positions. Plaintiff and Rosado are the most superficially similar, but it is evident that they are not similarly situated in all material respects. Although both functioned as attorneys, Rosado was more junior and was ultimately promoted to "Supervisor in the Office of Legal Affairs," while Plaintiff was an experienced attorney focused on litigation and risk management, and was ultimately promoted to Senior Deputy Counsel for Litigation.  (¶¶ 23, 47)  We do not know from the Complaint how their duties and responsibilities compared, but it does not appear Rosado ever shared Plaintiff's concentrations on litigation and risk management. As for Palmer and Albors, the allegations actually give rise to an inference that they are not similarly situated to Plaintiff. Plaintiff served as in-house litigation counsel throughout her employment, while Palmer was not an attorney and was instead the Corporate Risk Manager, and Albors transitioned from Event Planner, to Chief of Staff, to COO.  (¶¶ 22, 53, 84, 85)

Albors certainly did not have the same supervisor or responsibilities as Plaintiff (who reported to Chief Legal Officer Glasel (¶ 10) while Albors as COO presumably reported to CEO Russi (¶ 11, 13)), and she is not alleged to have been subject to the same performance standards

as Plaintiff. *See Graham v. Long Island R.R.*, 230 F.3d at 39-40 (a plaintiff and comparators are often not similarly situated where they have different supervisors); *Cardwell v. Davis Polk & Wardwell LLP*, 19-CV-10256 (GHW), 2020 WL 6274826, at *21 (S.D.N.Y. Oct. 24, 2020) ("An employee is similarly situated to co-employees if they were (1) 'subject to the same performance evaluation and discipline standards' and (2) 'engaged in comparable conduct.'").

Given Plaintiff's failure to plausibly plead that she was similarly situated to the comparators, she has not adequately pleaded that race was a motivating factor in any unequal treatment she allegedly suffered. Plaintiff's "vague allegations that [she] was treated less well than white associates are inadequate to plausibly plead either the existence of racial animus or a causal connection between [her] experiences and any such animus." *Cardwell*, 2020 WL 6274826, at *22. The cases are legion in which courts have dismissed pleadings which are similarly unspecific as to the alleged comparators. *See, e.g., Solomon v. Fordham University*, 18 Civ. 4615 (ER), 2020 WL 7711697, at *9 (S.D.N.Y. Dec. 29, 2020) (dismissing pleading due to omission of sufficient details regarding comparators' work duties).[2]

Finally as Plaintiff's race claims, the Thirteenth Cause of action, under Section 1981, necessarily fails. The Supreme Court has recently held that, to prevail on a Section 1981 claim, 'a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right.' *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020)." *Avent v. Progressive Cas. Ins. Co.,* 19 CV 10907 (JSK), 2021 WL 168500 (S.D.N.Y. Jan. 19, 2021). While Plaintiff does allege that she would not have experienced

---

[2] *Accord Daniels v. City of New York*, 17 Civ. 9960 (LGS), 2017 WL 2559942, at *4 (S.D.N.Y. Jan. 17, 2019); *Osborne v Moody's Inv'rs. Serv., Inc.*, 17 Civ. 1859 (ALC), 2018 WL 1441392, at *5 (S.D.N.Y. March 22, 2018); *Wooding v. Winthrop Univ. Hosp.*, 16 Civ. 4477 (ADS) , 2017 WL 90559 (E.D.N.Y. June 12, 2017); *Yan v. Ziba Mode Inc*., 15 Civ. 47 (RJS), 2016 WL 1276456, at *5 (S.D.N.Y. Mar. 29, 2016).

the alleged discrimination but for her race (¶ 255), the Court should not credit that conclusory averment inasmuch as she alleges other factors that supposedly gave rise to the conduct at issue.

**B.     The national origin claim is insufficiently supported**

Plaintiff alleges that she is of Honduran national origin and that Acacia favored Puerto Ricans (although it obviously also favored some non-Puerto Ricans such as Palmer). The Court can disregard the Complaint's repeated general contentions about Defendants' preference for Puerto Ricans because such "[t]hreadbare recitals of the elements of a cause of action," "conclusory statements," and "legal conclusions" are inadequate to fulfill Plaintiff's pleading burden. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-680 (2009) (internal quotation marks and citations omitted). Moreover ,the sole specific averment pertaining to this supposed invidious preference is Albors' alleged statement that "it was her purpose to promote Puerto Rican employees, and that the future of the organization was 'young Puerto Rican women.'" (2AC ¶¶ 25, 87)  That alleged comment fails to show discriminatory animus because there is no apparent nexus between the allegedly discriminatory statements and any conduct by Defendants that impacted Plaintiff. ).

At best, the alleged comment is a stray remark, which "even if made by a decision maker, do[es] not constitute sufficient evidence to support a case of employment discrimination." *Danzer v. Norden Sys., Inc.,* 151 F.3d 50, 56 (2d Cir. 1998); *Bentley-Ammonds v. Northwell Health, Inc.,* 2022 WL 893716 (2d Cir. Mar. 28, 2022) (stray remarks allegedly reflecting race and national origin animus in contexts unrelated to plaintiff's performance, retention and termination held insufficient to credit the claim that such animus motivated plaintiff's termination): *Roenick v. Flood,* 20 Civ. 7213 (JPC), 2021 WL 2355108, at *6 (S.D.N.Y. June 9, 2021) (disregarding stray remarks about plaintiff's sexual preference and dismissing NYSHRL and NYCHRL claims). The Second Circuit has explained that "the more remote and oblique the remarks are in relation to the

employer's adverse action, the less they prove that the action was motivated by discrimination." *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007), *abrogated on other grounds by Gross v. FBL Fin. Servs.*, 557 U.S. 167 (2009). "Remarks are especially likely to be 'stray' [even] when made by a decision maker [if they are] unrelated to the decision-making process [and] temporally remote from the date of decision." *Woodard v. TWC Media Sols.*, 09 Civ. 3000 (BSJ), 2011 WL 70386, at *7 (S.D.N.Y. Jan. 4, 2011) (bracketed material added), *aff'd sub nom.* 487 F. App'x 613 (2d Cir. 2012). "In determining whether a comment should be considered a stray remark, courts consider who made the remark, when the remark was made in relation to the termination, the content of the remark, and the context in which the remark was made." *Moore v. Verizon*, No. 13 Civ. 6467 (RJS), 2016 WL 825001, at *8 (S.D.N.Y. Feb. 5, 2016) (dismissing NYSHRL and NYCHRL claims, noting that two alleged comments about retirement were non-actionable stray remarks that did not prove age animus).

It is important that Albors' alleged comment is not alleged to have been made "in a context at all related to" Plaintiff or that it was at in any way pertinent to any decision impacting Plaintiff. *Id.,* 2016 WL 825001, at *9. Hence, there is no basis to connect the comment to Plaintiff's allegations of discriminatory conduct directed to her, such as decisions concerning compensation and promotion. In fact, Plaintiff does not even allege that Albors was the decisionmaker as to any decisions Acacia made about her, including promotion, compensation or discipline. See, e.g., 2AC ¶ 93, which merely alleges that Acacia as the employer promoted Puerto Rican employees. See also ¶¶ 108, 113, 131, 137.

Plaintiff's allegations about comparators likewise do not salvage her national origin claim. She claims Albors, Rosado, Russi, and Arroyo are comparators. (2AC ¶¶ 21, 79-81)  It is glaringly apparent that Russi,  Acacia's CEO (¶ 22), and Arroyo, VP/SVP of Administration (¶¶ 61, 83),

and Albors, none of whom worked in the legal department alongside Plaintiff, are not similarly situated to Plaintiff in all material respects such that the circumstances of their employment may be reasonably compared.  As shown above, Rosado is also not alleged to be similarly situated in all material respects.

Additionally, the Court should not credit the invented contention of animus against non-Puerto Ricans given that Plaintiff's own allegations undermine her claim of discrimination in favor of Puerto Ricans. She alleges favorable treatment of two co-workers who are not alleged to be Puerto-Rican, Palmer and Perez-Cubillan. *See Bernard v. JP Morgan Chase Bank NA*, 408 F. App'x 465, 468 (2d Cir. 2011) (holding there is no plausible discriminatory animus where an employee within a protected class is treated the same as other employees).

### C.      The Complaint does not support an inference of age discrimination

Plaintiff also relies on Albors' alleged comment touting young Puerto Rican women as a basis for her age claims (the Third, Fourth and Fifth Causes of Action). Again, the lack of any context or connection between the comment and any decision about Plaintiff's employment or any adverse action renders it an immaterial stray remark. Plaintiff also relies on Albors and Rosado as alleged comparators in support of this claim because they were under 40 but were allegedly treated more favorably than Plaintiff, who was 48.  (2AC ¶ 21) Again, because neither Albors or Rosado are alleged to be proper comparators, the comparison does not advance Plaintiff's claim. Additionally, the Third and Fourth Causes of Action fail under the ADEA and NYSHRL because they do not allege that age discrimination was the but-for cause of the alleged adverse actions of being paid less than Rosado and being passed over for promotions  (¶ 151) as mandated under those statutes.  *Gross.,* 557 U.S. 167, and *Gorzynski.,* 596 F.3d at 105-06).

### D.    The Complaint does not support an inference of gender discrimination

Finally, Plaintiff's Fourth and Fifth Causes of Action fail to raise any inference of discrimination based on her gender and her own allegations belie the claim. There is no evidence that Acacia engaged in sex stereotyping or otherwise treated women less favorably. See *Galdieri-Ambrosini v. Nat'l Realty & Devel. Corp.*, 136 F.3d 276, 289-290 (2d Cir. 1998) (holding that no inference of discrimination arose despite plaintiff's allegation that the nature of her assignments reflected sex stereotyping).

This hollow claim is undercut by the averment that Albers, a female, stated that Acacia's future was female. (2AC ¶ 25) Similarly, the Complaint trumpets Acacia's favorable treatment of four females: Albers, Rosado, Perez-Cubbilan, and Arroyo. (¶¶ 21-23, 78)  It is hardly credible that Acacia favored those women and at the same time discriminated against Plaintiff who shared their sex.

Moreover, Plaintiff's effort to bolster the claim by citing favorable treatment of two men – Palmer and Russi – founders because they are not alleged to be otherwise similarly situated to her in all material respects. Palmer is a non-attorney whose duties were limited to risk management and Russi was Acacia's CEO.  Of course, even if they were treated favorably, the similarly favorable treatment afforded to other women debunks any attempt to infer discriminatory animus.

## III.    PLAINTIFF HAS NOT STATED ANY VIABLE DISPARATE PAY CLAIMS

### A.    Plaintiffs' EPA claim (the Tenth Cause of Action) is time-barred

Claims under the EPA, 29 U.S.C. §§ 206, *et seq.*, are governed by a two-year statute of limitations. The limitations period is extended to three years if the plaintiff establishes a willful violation. Dismissal of Plaintiff's Tenth Count is required because Plaintiff fails to allege, and she cannot possibly prove, a willful violation, and she commenced this action on January 11, 2022,

more than two years after her employment ended as of September 20, 2019 (2AC ¶ 82). *See Black v. Buffalo Meat Serv., Inc.,* 15-CV-49S, 2021 WL 2043006, at *24 (W.D.N.Y. May 21, 2021) (dismissing EPA claim as time-barred where plaintiff failed to allege a willful violation).

**B.    Plaintiff's EPA and NYLL claims (the Tenth & Eleventh Counts) lack merit**

A *prima facie* case under the Equal Pay Act and the New York Labor Law § 194 requires proof of the following: the employer pays different wages to employees of the opposite sex; the employees perform equal work on jobs requiring equal skill, effort and responsibility; and the jobs are performed under similar working conditions. *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). "[T]he key inquiry is whether the plaintiff has provided adequate comparators who are similarly situated in all material respects." *Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 118 (S.D.N.Y. 2020) (internal citations and quotations omitted). A plausible claim "must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job content was 'substantially equal.'" *E.E.O.C. v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 256 (2d Cir. 2014).

Plaintiff alleges that she was paid less than both Palmer, a male, and Albors and Rosado, women who are "not Black."  (¶¶ 173, 236, 245-46)  While Plaintiff alleges superficially that she was similarly situated to those three comparators (¶¶ 226-227, 235-236), she does not – because she cannot – aver plausibly that she and those comparators were similarly situated in all material respects. She was obviously not similarly situated to Palmer, who is not an attorney and works in risk management (¶ 53), or Albors, who is also not an attorney and worked in various positions (event planner, chief of staff and chief operating officer (¶¶ 84-85) patently dissimilar to Plaintiff's. Rosado too is not similarly situated given the different positions each held and their different responsibilities in the Acacia legal department. Plaintiff was Deputy Counsel for Litigation and

then Senior Deputy Counsel for Litigation (¶¶ 101, 47) and allegedly, before Palmer's hiring, handled risk management (¶ 229). Rosado, by contrast, was a junior attorney who is not alleged to have handled litigation or risk management (¶¶ 38- 45). Because Plaintiff fails to plead how her job content and working conditions were comparable to the putative comparators, she has not stated a claim under either the EPA or the NYLL. *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 581 (2d Cir. 2020) (dismissing claim because "[plaintiff] has not alleged anything about her actual job duties or the actual job duties of her putative comparators").

## C.    Plaintiff's duplicative NYCHRL pay disparity claim should be dismissed

Further, the Court should dismiss Plaintiff's duplicative Twelfth Claim, alleging "discrimination based upon pay disparity" under the NYCHRL. There is no stand-alone unequal pay claim under the NYCHRL, and disparate pay is part of Plaintiff's Fifth Count alleging discrimination under the NYCHRL. (¶ 173) The Court should dismiss this duplicative discrimination claim just as other courts have done in comparable situations. *See, e.g. Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (dismissing discrimination claim as duplicative of retaliation claim); *Karupaiyan v. CVS Health Corp.*, 19-CV-8814 (KPF), 2021 WL 4341132, at *27 (S.D.N.Y. Sept. 23, 2021) (dismissing "wrongful termination" claim as duplicative of discrimination claim); *Ardigo v. J. Christopher Capital, LLC*, 12 Civ. 3627 (JMF), 2013 WL 1195117, at *4 (S.D.N.Y. Mar. 25, 2013) (dismissing discrimination claim as duplicative of hostile work environment and retaliation claims; *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 592 (S.D.N.Y. 2011) (dismissing NYCHRL discrimination claim as duplicative of hostile work environment claim).

## IV.     PLAINTIFF HAS NOT STATED ANY RETALIATION CLAIMS

Plaintiff alleges retaliation under Title VII, Section 1981, the NYSHRL and the NYCHRL (the Sixth, Seventh, Eighth, Fourteenth Causes of Action).To state a retaliation claim under Title VII, § 1981, and the NYSHRL, Plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there is a causal connection between the protected activity and the adverse action. *Patane v. Clark,* 508 F.3d at 113. To plead a plausible claim of retaliation sufficient to defeat a Rule 12(b)(6) motion, Plaintiff must "allege facts that could establish a causal nexus between a protected activity and the adverse employment action." *Pahuja v. Am. Univ. of Ant.*, 11 Civ. 4607 (PAE), 2012 WL 6592116, at *11 (S.D.N.Y. Dec. 18, 2012) (citing *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012)). Under the NYCHRL, Plaintiff must plausibly allege that "(1) [she] participated in a protected activity known to defendants; (2) defendants took an action that disadvantaged [her]; and (3) a causal connection exists between the protected activity and the adverse action." *Fletcher v. Dakota, Inc*., 99 A.D.3d 43, 51–52 (1ˢᵗ Dep't 2012).

Plaintiff alleges that, because she complained internally about alleged discrimination from July 2017 to March 2018 (2AC ¶¶ 64, 179, 182), she suffered the following adverse actions:

- In April 2018 her supervisor Glasel, after ignoring Plaintiff for weeks, responded to her refusal to complete a filing by "becom[ing] enraged, st[anding] up over Plaintiff in a menacing and intimidating manner, pound[ing] his fists on the table in front of her, and yell[ing] down at her and order[ing] that she comply with his demand"  (¶ 65);

- More than one year later, in May 2019 Acacia enforced "'new restrictions' against speaking engagements" against her (¶ 77); and

- Also in May 2019 Jones "reprimanded [Plaintiff] for re-hiring outside counsel without prior approval" (¶¶ 76, 184).

- At around the same time, Acacia applied a nepotism rule to bar hiring her step-daughter. (¶¶ 79, 197)

A.      **Plaintiff does not allege materially adverse employer action**

None of the conduct alleged by Plaintiff constitutes materially adverse employer action that would constitute retaliation under Title VII, the ADEA, § 1981 and the NYSHRL. Adverse employment action is "a materially adverse change in the terms and conditions of employment" based on membership in a protected class. *Mathirampuzha v. Potter,* 548 F.3d 70, 78 (2d Cir. 2008). *See generally Burlington N. & Santa Fe Railway Co. v. White,* 548 U.S. 53, 96 (2006) ("a plaintiff must show that a reasonable employee would have found the challenged action materially adverse . . ."); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000), *cert. denied,* 540 U.S. 811 (2003);  *Forrest v Jewish Guild for the Blind,* 3 N.Y.3d 295, 306 (2004).

Glasel's alleged angrily stated reprimand on a single occasion (¶ 183) is not a sufficiently tangible adverse action to support a retaliation claim. As the Supreme Court held: "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience" and "a simple lack of good manners" is not materially adverse action. *Burlington,* 548 U.S. at 68. While no employee would appreciate having her supervisor raise his voice during a meeting, "'not every unpleasant matter short of [discharge or demotion] creates a cause of action' for retaliat[ion]." *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466 (2d Cir. 1997) (citation omitted) (holding loss of office and phone not to be sufficiently adverse employer action). *See also Knight v. City of New York,* 303 F. Supp. 2d 485, 496 (S.D.N.Y. 2004) (Chin, J.), *aff'd,* 147 F. App'x 221 (2d Cir. 2005) (negative performance reviews do not constitute adverse action sufficient to support a retaliation claim) *Accord Scott v. City of New York Dept. of Correction,* 04 Civ. 9638 (SHS), 2009 WL 1683350, at *15 (S.D.N.Y. Jun. 17, 2009);  *Regis v. Metro. Jewish Geriatric Ctr.,* 97 Civ. 0906 (ILG), 2000 WL 264336, at *8 (S.D.N.Y. Jan. 11, 2000).

Similarly, Jones' alleged May 2019 reprimand for retaining outside counsel without Russi's approval), even if it was allegedly a questionable decision since CLO Rodriguez had approved the retention  (¶ 184), is not a materially adverse action even assuming arguendo that it can be somehow linked to protected activity allegedly engaged in months earlier, which it cannot be. It is also noteworthy that Plaintiff does not allege that Jones, the Director of Human Resources (2AC ¶ 195), was her supervisor (clearly she was in a different department and was not). Such a critical comment by someone mostly accurately characterized as a co-worker is not appropriately attributed to the employer and cannot possibly represent a materially adverse action by the employer, and there is no basis to infer from this alleged reprimand that Acacia acted based on retaliatory animus.

Likewise, Acacia's alleged May 2019 decision to deny Plaintiff the opportunity to take part in outside speaking engagements (¶¶ 77, 185) is not materially adverse inasmuch as she does not contend that such engagements were not part of her duties (¶¶ 36 & 54, setting forth her job responsibilities as handling litigation, overseeing outside counsel and, for a time, handling risk management) and her title, actual job duties and compensation were unaffected. (She does not allege she was paid for such speaking engagements.)

Finally as to the allegedly retaliatory conduct, Plaintiff was not materially impacted by the allegedly retaliatory application of a nepotism rule to bar the hiring of her step-daughter (¶¶ 79, 197). Again, her own role was unaffected by the fact that her relative was not joining Acacia. Moreover, there is no pleaded basis to infer that the application of the rule was attributable to her protected activity from the prior year.

It is critical that none of this allegedly retaliatory conduct can be accurately characterized as reasonably likely to deter Plaintiff from engaging in protected activity under even the more

lenient NYCHRL standard. *Lott v. Coreone Techs., LLC*, 14 Civ. 5848 (CM), 2016 WL 462486, at *15 (S.D.N.Y. Feb. 2, 2016), is instructive. There, the Court held that the plaintiff's "litany" of allegedly retaliatory actions —including "having to report vacation days; . . . having his performance criticized; having his son's application for a position in the internship program denied; the Company's failure to pay him and others 401(k) catch-up payments; and having his emails ignored by other executives"—were not "reasonably likely to deter a person from engaging in protected activity" under the NYCHRL.

Similarly here, Plaintiff simply takes various employer actions that represent typical efforts to hold employees to performance standards, albeit on one occasion in an allegedly impolite fashion, and attributes them to a desire to punish her for her claimed protected activity without any basis for doing so and without presenting a plausible case that any of those actions by different individuals was intended to or was likely to deter her protected activity.

## B.    The Complaint does not permit an inference of any plausible causal connections

The retaliation claims fail for an additional reason: Plaintiff's failure to plausibly allege a causal connection between her conduct and the alleged adverse employer action. A plausible inference of a causal connection can be drawn either "[i] indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or [ii] directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Hicks v. Baines*, 593 F.3d 159, 170 (2d Cir. 2010).  Plaintiff does not plausibly allege disparate treatment and she cites no direct evidence of retaliatory animus such as statements criticizing her for having engaged in protected activity. She must therefore rely on temporal proximity. The pleaded facts do not provide a basis for finding such proximity.

As the Supreme Court has explained, a significant gap in time between the protected activity and the allegedly retaliatory conduct eviscerates any inference of a causal connection. Although "mere temporal proximity between an employer's knowledge of protected activity and an adverse [] action [may be] sufficient evidence of causality to establish a prima facie case [of retaliation,] . . . . the temporal proximity must be very close[.]" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (quotations and citations omitted); Accordingly, Plaintiff can indirectly establish a causal connection by "showing that the protected activity was closely followed in time by the adverse [employment] action." *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996) (citation and quotation marks omitted). *Accord Phillips v. Mt. Sinai Med. Ctr.,* 01 Civ. 5656 (GBD), 2006 U.S. Dist. LEXIS 2606, at *5 (S.D.N.Y. Jan. 24, 2006).

The retaliation claim as pleaded fails to show close temporal proximity based on the amount of time that elapsed from the time of the alleged protected activity in 2017 and July 2018 and the alleged retaliatory conduct in May 2019 consisting of Jones' reprimand (¶ 76) and the blocking of outside speaking engagements(¶¶ 185), or the apparently contemporaneous application of the nepotism policy (¶ 186) because such a time gap "militates against an inference of retaliation being drawn from the pleadings." *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 314 (E.D.N.Y. 2012). *See, e.g., Chamberlin v. Principi,* 247 F. App'x 251, 254 (2d Cir. 2007) (no causal connection where plaintiff was terminated five months after filing administrative claim); *Ragin v. East Ramapo Cent. Sch. Dist.*, 417 F. App'x 81 (2d Cir. 2011) (five month gap); *Donner-Hedrick v. New York Inst. of Technology*, 874 F. Supp. 2d 227, 246 (S.D.N.Y. 2012) (eight month gap).

Only one allegation of adverse action reflects temporal proximity: in April 2018 Glasel first ignored Plaintiff and then raised his voice when she refused to complete a filing. The pleaded

facts about this trivial incident does not support a plausible inference of retaliatory animus. But it is not plausible that Glasel's reprimand was motivated by Plaintiff's protected activity given that it objectively reflects a supervisor irate at a subordinate's insubordination in refusing a directive and there is no apparent basis to connect it to her alleged complaints. Insubordination is, of course, a legitimate, non-retaliatory basis for adverse employer action. *Matima v. Celli*, 228 F.3d 68, 79 (2d Cir. 2000).

## **CONCLUSION**

"To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Because Plaintiff fails to meet that pleading burden, the Court should grant the instant motion and dismiss the Second Amended Complaint, with prejudice.[3] The Court should also exercise its discretion to stay discovery given that after three tries Plaintiff still cannot frame a viable pleading.

Dated: New York, New York
        June 6, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Peter T. Shapiro
_____
Peter T. Shapiro, Esq.
*Attorneys for Defendants Acacia Network, Inc. and*
*Promesa Administrative Services Organization, Inc.*
*(PASO)*
77 Water Street, Suite 2100
New York, New York  10005
212-232-1300
Peter.Shapiro@lewisbrisbois.com

---

[3] This memorandum does not specifically address the Fifteenth Cause of Action, which seeks fees and costs and is improperly asserted as a stand-alone count. It should be dismissed assuming this motion is granted.

## <u>CERTIFICATE OF SERVICE</u>

Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on June 6, 2022, he caused to be filed and served via ECF on all parties the Notice of Motion and Memorandum of Law in Support of Motion to Dismiss.

_____/s/ Peter T. Shapiro_____
Peter T. Shapiro
