UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRNA MARTINEZ SANTIAGO,

                              Case No. 22-cv-00228 (JGK)

                Plaintiff,

     -against-

ACACIA NETWORK, INC., PROMESA
ADMINISTRATIVE SERVICES ORGANIZATION,
INC. (PASO), DAVID GLASEL, LYMARIS
ALBORS and RAUL RUSSI,

                Defendants.
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# ACACIA NETWORK, INC. and PROMESA ADMINISTRATIVE SERVICES
# ORGANIZATION, INC.'S MOTION TO DISMISS

                                                    Peter T. Shapiro
                                                    LEWIS BRISBOIS BISGAARD & SMITH LLP
                                                    77 Water Street, Suite 2100
                                                    New York, NY 10005
                                                    Tel.: (212) 232-1300
                                                    Peter.Shapiro@lewisbrisbois.com
                                                    *Attorneys for Defendants Acacia Network, Inc. and*
                                                    *Promesa Administrative Services Organization, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    PLAINTIFF HAS NOT STATED A HOSTILE WORK ENVIRONMENT CLAIM .................................................................................................................. 1

        A.    The NYCHRL hostile environment claim fails .......................................... 1

        B.    The constructive discharge allegations are insufficient ........................................ 3

    II.    PLAINTIFF FAILS TO STATE ANY DISPARATE TREATMENT CLAIMS ........... 4

    III.    PLAINTIFF HAS NOT STATED ANY VIABLE DISPARATE PAY CLAIMS ......... 5

    IV.    PLAINTIFF HAS NOT STATED ANY RETALIATION CLAIMS ............................. 7

CONCLUSION ............................................................................................................................... 8

**PRELIMINARY STATEMENT**

Defendants Acacia Network, Inc. and Promesa Administrative Services Organization, Inc. (PASO) (collectively "Acacia"), by their attorneys Lewis Brisbois Bisgaard & Smith LLP, submit this reply memorandum of law in support of their motion to dismiss Plaintiff's Second Amended Complaint and in response to the opposing memorandum of law submitted by Plaintiff ("Plaintiff's Memo.").[1]  As demonstrated further below, Plaintiff's opposition only serves to confirm that she has not stated plausible claims for any form of discrimination or retaliation under any statute or ordinance. Dismissal is mandated by her failure to allege plausible claims based on specific facts that can give rise to plausible inferences of actionable conduct. Such inferences are not warranted in light of her reliance on impermissible conjecture yet again despite this being her third attempt to frame a viable pleading.

**ARGUMENT**

**I.   PLAINTIFF HAS NOT STATED A HOSTILE WORK ENVIRONMENT CLAIM**

    **A.  The NYCHRL hostile environment claim fails**

Plaintiff's defense of her hostile environment claim asks this Court to adopt a test under which a single allegation of disparate treatment is sufficient to state a hostile environment claim. This conflation of the two different causes of action should not be accepted. *Gonzalez v. Police Comm'r Bratton,* 2000 WL 1191558, at *20 (S.D.N.Y. Aug. 22, 2000) (distinguishing between these claims which require "different pleading and proof"). Whereas disparate treatment concerns discrete acts such as termination, demotion and the like, a hostile environment claim can only be founded on allegations of offensive comments or conduct about the employee's protected class (e.g., stating that all members of the class are inferior or using offensive epithets about members

---

[1] The abbreviations used herein are those defined in Acacia's moving memorandum of law (the "Acacia Memo.").

of a class) or that are offensive because of membership in a protected class (e.g., sexual comments made to an employee or unwanted touching). Plaintiff alleges nothing of the sort. She concedes that she was never subjected to offensive comments about her or about any of her protected classes. She relies instead entirely on examples of allegedly disparate treatment, as to which she merely surmises that the events happened because of her membership in a various classes without pleading any facts that would justify this Court in drawing such an inference. Since, as demonstrated in the Acacia Memo., such surmise does not suffice to move her claims from the possible to the plausible realm, this count does not pass muster. See Acacia Memo. Pt. I(A).

To the extent the Court concludes that a hostile environment claim can be sustained based on such allegations of disparate treatment, it is evident that the conduct Plaintiff relies on is most accurately characterized as trivial, not as actionable. As demonstrated previously as to Plaintiff's retaliation claims (Acacia Memo. Pt. IV), Plaintiff does not identify any truly adverse action. Moreover, just as she cannot link any such action to her claimed protected activity, she cannot muster any basis to credit her unsupported hypothesis that Acacia's conduct was attributable to her membership in any protected group. For example, if Mr. Glasel spoke harshly to her on one occasion as she alleges, that would not create a hostile environment unless he did so because of her age, race, color or sex. But the Second Amended Complaint is devoid of any facts, as opposed to conjecture, that give rise to a plausible inference that any such animus motivated any of Acacia's allegedly actionable conduct. Since Plaintiff concedes that Mr. Glasel's ire was occasioned by her failure to follow his directive, she negates her own inference. As previously demonstrated, the Second Amended Complaint is largely comprised of such naked allegations of conduct having no apparent relationship to Plaintiff's protected groups which do not suffice to state a hostile environment claim.

Plaintiff is left with Albors' alleged stray remark that Acacia's future is young Puerto Rican women. She has not alleged that Albors made the statement to her. She has not sufficiently alleged that she was treated less well based on that statement than others who were not in her protected class. Again, the alleged statement was not made by anyone in the legal department in which she worked and is attributed to someone with whom she is not alleged to have interacted as part of her job duties and to whom she did not report. In sum, that isolated comment is insufficient to sustain Plaintiff's hostile environment claim.

Plaintiff's invocation of *Danzer v. Norden Sys.,* 151 F.3d 50 (2d Cir. 1998), to argue that the stray remark suffices is unpersuasive. There, the supervisor made multiple clearly biased comments directed to the plaintiff which were followed by adverse actions. Here, Albors is not alleged to have taken any action against anyone who was not a young Puerto Rican woman, including Plaintiff.

### B. The constructive discharge allegations are insufficient

Plaintiff's attempt to defend her constructive discharge claim fails because she ignores the controlling case law under which the plaintiff must allege that the employer intentionally created a work atmosphere so intolerable that she was forced to quit. See Acacia Memo. Pt. I(B). Plaintiff's reliance on *Napoletano v. Damianos Realty Group,* 06 Civ. 3806 (JFB), 2007 U.S. Dist. LEXIS 28662, at *11 (E.D.N.Y. Apr. 18, 2007), is misplaced. There, the supervisor referred to the plaintiff as an old man and told him he would not be considered for a promotion. Here, by contrast, Plaintiff cannot identify any discriminatory comments by her superiors. She was concededly promoted, given great responsibility, and her compensation was increased, yet she resigned suddenly in September 2019, months after the last alleged adverse actions in May 2019 (2AC ¶¶ 76-77) without allegedly having renewed her previous complaints about discriminatory conduct.

(2AC ¶¶ 82, 99).[2] Plaintiff's judicial admissions about the generally favorable manner in which Acacia treated Plaintiff undermines her ability to make the mandatory showing that the employer engaged in action designed to render her working environment especially hostile to force her to resign. *Mascola v. City University of New York*, 14 A.D.3d 409 (1st Dep't 2005); *Thompson v. Lamprecht*, 39 A.D.2d 846 (2d Dep't 2007); *Spence v. Md. Cas. Co.,* 995 F.2d 1147, 1157 (2d Cir. 1993).

## II. PLAINTIFF FAILS TO STATE ANY DISPARATE TREATMENT CLAIMS

Plaintiff's opposition to the motion insofar as addressed to her disparate treatment claims confirms that – given the absence of discriminatory comments about her protected characteristics or other direct evidence of discriminatory animus - she cannot provide any plausible inference of a connection between Acacia's various allegedly adverse acts and Plaintiff's membership in a protected class. Simply stated, Plaintiff has not met her "burden of showing that the conduct is caused by a discriminatory motive." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109-110 (2d Cir. 2013). See Acacia Memo. Pt. II. She also fails to overcome the import of her own allegations, which undermine her claims insofar as they reflect Acacia's favorable treatment of persons over the age of 40 (including Russi, Palmer and Glasel) and who share her gender (including Albors and Rosado).

Specifically, Plaintiff's opposition fails because she simply ignores Acacia's showing that she has not sufficiently alleged that she was similarly situated "in all material respects" to the

---

[2] Even under the pro-employee New Jersey Law Against Discrimination, a constructive discharge is rarely found because "an employee has the obligation to do what is necessary to stay employed rather than simply quit." *Woods-Pirozzi v. Nabisco Foods,* 290 N.J. Super. 252, 276, 675 A.2d 684 (App. Div. 1996) (affirming dismissal of constructive discharge claim notwithstanding that males taunted plaintiff in an often sexual and extremely rude fashion and one male fondled her). Plaintiff here simply quit.

comparators who were allegedly treated more favorably. *Graham v. Long Island R.R.*, 230 F.3d 34, 39-40 (2d Cir. 2000). Albors did not work in the legal department and did not report to the same supervisor as Plaintiff did. Palmer is not an attorney and handles risk management, not litigation as Plaintiff did as her primary work (although she allegedly also handled risk management before Palmer was hired). Rosado is in the legal department, but she was not handling litigation or risk management as Plaintiff was.

Plaintiff does not respond to Acacia's showing that she failed to plead the elements of failure to promote such that her allegations about being denied a promotion for discriminatory reasons should be dismissed. Acacia Memo. p. 10.

Finally, Plaintiff fails to rebut Acacia's showing that Albors' stray remark about Acacia's future is not probative as to any discriminatory animus underlying the actions she claims were discriminatory as to her for which Albors was not the decision-maker. These remote and oblique remarks bear no relation to the adverse actions and thus fail to sugest that the action was motivated by discrimination. *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007), *abrogated on other grounds by Gross v. FBL Fin. Servs.*, 557 U.S. 167 (2009).[3]

### III. PLAINTIFF HAS NOT STATED ANY VIABLE DISPARATE PAY CLAIMS

Plaintiff opposes Acacia's motion addressed to her EPA claim on the grounds that it is untimely simply by contending that she has alleged a willful violation which supports application of a three year statute of limitations. Plaintiff Memo. p. 21. But the Second Amended Complaint does not so allege. Plaintiff rests her case for showing willfulness on her allegation that Diaz was concerned about hiring Palmer at a higher salary than that afforded to women of color does not

---

[3] Plaintiff's contention that Acacia does not seek dismissal of her NYCHRL age discrimination claim (Plaintiff Memo. p. 21) is incorrect. Point II of the Acacia Memo. argues that she has not stated a disparate treatment claim under any of the statutes or ordinances invoked by her pleading.

support the supposed inference that Acacia was motivated to pay Plaintiff less because of her sex. One person's concerns about a possible perception of how a hiring decision would be perceived does not support an inference that the decisionmakers as to the hiring decision were actually motivated by the desire to pay men more than women. Of course, any inference in that regard is rebutted by the raises and promotions Acacia gave to three females: Albors (2AC ¶¶ 49) and Rosado (who concededly received raises (¶¶ 45, 55-56) and Plaintiff herself (¶¶ 47-48).

Again, Plaintiff cannot overcome Acacia's demonstration that she has not sufficiently identified similarly situated comparators of the opposite sex who performed equal work on jobs requiring equal skill, effort and responsibility under similar working conditions. *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). Palmer, Albors and Rosado were not similarly situated in all material respects. Palmer is not an attorney and works in risk management (2AC ¶ 53). Albors, who is also not an attorney and worked in various positions (event planner, chief of staff and chief operating officer (¶¶ 84-85)) in a different department. Rosado and Plaintiff held different positions and had different responsibilities in the Acacia legal department.  (¶¶ 38-45, 47, 101, 229)  See Acacia Memo. Pt. III.

Plaintiff misses the point by arguing that an issue of fact would prevent dismissal at this stage if Acacia argues that Palmer was not employed in a lower position than she (Plaintiff Memo. pp. 22-23). The issue is not who held the theoretically superior position; rather, the issue is whether the comparators who were paid differently were sufficiently similarly situated that an inference can be drawn that the disparity in their compensation should be attributed to discriminatory animus. These two comparators cannot be successfully compared given their different roles and professional backgrounds.

4876-9209-9109.1                                                 6

## IV. PLAINTIFF HAS NOT STATED ANY RETALIATION CLAIMS

Plaintiff's discussion of her retaliation claims is largely devoted to a recitation of applicable law. Unfortunately for Plaintiff, application of applicable law to her claims compels dismissal of her retaliation claims.

The Second Amended Complaint does allege that Acacia took adverse action against Plaintiff and that she previously engaged in protected activity. However, as Acacia demonstrated, most of the supposed adverse action occurred too long after the protected activity to support any inference of a causal connection. Acacia Memo. Pt. IV(B). Plaintiff has not come forward with any other basis to establish a credible case for a causal connection. Further, none of the actions relied upon was sufficiently adverse to constitute retaliation. Ignoring Plaintiff for weeks (without any discipline), speaking to her harshly during a meeting (without any discipline), restricting outside speaking (without impact on her job duties or compensation), and reprimanding her for use of outside counsel (without any discipline) and not hiring her relative (with no impact on her at all) are simply not adverse actions under the case law on point cited by Acacia, which Plaintiff fails to rebut. See Acacia Memo. Pt. IV.

As demonstrated, this allegedly retaliatory conduct is so patently minor in impact that none of it can be appropriately viewed as reasonably likely to deter Plaintiff from engaging in protected activity under even the more lenient NYCHRL standard. *Lott v. Coreone Techs., LLC*, 14 Civ. 5848 (CM), 2016 WL 462486, at *15 (S.D.N.Y. Feb. 2, 2016). Plaintiff's attempt to transform Acacia's oversight of her performance into adverse action motivated by a desire to punish her for her protected activity is simply unsupported and insufficient.

## CONCLUSION

For the foregoing reasons, and those stated in the previously submitted papers, the instant motion should be granted and discovery should be stayed while the motion is pending (Plaintiff does not oppose the request for a discovery stay set forth in Acacia's notice of motion and brief).

Dated: New York, New York
       June 30, 2022

                                            **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                            /s/ Peter T. Shapiro
                                            Peter T. Shapiro, Esq.
                                            *Attorneys for Defendants Acacia Network, Inc. and*
                                            *Promesa Administrative Services Organization, Inc.*
                                            77 Water Street, Suite 2100
                                            New York, New York  10005
                                            212-232-1300
                                            Peter.Shapiro@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

      Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on June 30, 2022, he caused to be filed and served via ECF on all parties the Reply Memorandum of Law in Support of Motion to Dismiss.

                                                        /s/ Peter T. Shapiro
                                                            Peter T. Shapiro