UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MIRNA MARTINEZ SANTIAGO,

      Plaintiff,

v.

ACACIA NETWORK, INC., PROMESA
ADMINISTRATIVE SERVICES
ORGANIZATION, INC. (PASO), DAVID
GLASEL, LYMARIS ALBORS AND RAUL
RUSSI,

      Defendants.

No. 1:22-CV-00228-JGK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# INDIVIDUAL DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

GIBSON, DUNN & CRUTCHER LLP

Richard W. Mark
Hayley Fritchie
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
rmark@gibsondunn.com
hfritchie@gibsondunn.com

*Attorneys for Defendants Raul Russi,
Lymaris Albors, and David Glasel*

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1

LEGAL ARGUMENT .................................................................................................................. 2

    I.    PLAINTIFF CONCEDES THAT HER SIXTH AND TWELFTH CAUSES OF ACTION SHOULD BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS ................................................................................ 2

    II.    PLAINTIFF IGNORES THE IMPLAUSIBILITY OF HER DISCRIMINATION CLAIMS. .............................................................................. 2

    III.    PLAINTIFF DOES NOT STATE A PLAUSIBLE RACE, COLOR, NATIONAL ORIGIN, AGE, OR GENDER DISCRIMINATION CLAIM .......... 3

        A.    Plaintiff's Factual Allegations Do Not Support Albors, Rosado, and Palmer As Similarly Situated Comparators. ........................................ 4

        B.    A Mere Allegation of Disparate Treatment, Without More, Does Not Raise An Inference of Discrimination. ................................................. 5

        C.    Albors' Alleged Stray Remark Is Distinguishable From The Repeated, Contextualized Ageist Comments in *Danzer*. ............................ 7

    IV.    PLAINTIFF DOES NOT STATE A PLAUSIBLE HOSTILE WORK ENVIRONMENT CLAIM. ...................................................................................... 8

    V.    PLAINTIFF DOES NOT STATE A PLAUSIBLE DISPARATE PAY CLAIM. ............................................................................................................. 9

    VI.    PLAINTIFF DOES NOT STATE A PLAUSIBLE RETALIATION CLAIM. ............................................................................................................. 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................3

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
    No. 16-CV-7014 (VSB), 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ...............................2, 3

*Danzer v. Norden Sys.*,
    151 F.3d 50 (2d Cir. 1998) ........................................................................................................7

*E.E.O.C. v. Bloomberg L.P.*,
    967 F. Supp. 2d 816 (S.D.N.Y. 2013) .......................................................................................9

*EklecCo NewCo LLC v. Town of Clarkstown*,
    No. 16-CV-6492 (NSR), 2018 WL 3023159 (S.D.N.Y. June 18, 2018) ...................................5

*Gonzalez v. Police Com'r Bratton*,
    No. 96-CV-6330 (VM), 2000 WL 1191558 (S.D.N.Y. Aug. 22, 2000) ....................................8

*Graham v. Long Is. R.R.*,
    230 F.3d 34 (2d Cir. 2000) ........................................................................................................4

*Humphries v. City of New York*,
    No. 13-CV-2641 (PAE), 2013 WL 6196561 (S.D.N.Y. Nov. 26, 2013) ...................................6

*McCullough v. Xerox Corp.*,
    224 F. Supp. 3d 193 (W.D.N.Y. 2016) .....................................................................................6

*McNutt v. Nasca*,
    No. 1:10-CV-1301 (MAD) (RFT), 2013 WL 209469 (N.D.N.Y. Jan 17, 2013) .......................6

*Opoku v. Brega*,
    No. 15-CV-2213 (KMK), 2016 WL 5720807 (S.D.N.Y. Sept. 30, 2016) .................................5

*Ortiz v. City of New York*,
    2019 U.S. Dist. LEXIS 84891 (S.D.N.Y. 2019) .......................................................................6

*Raniola v. Bratton*,
    243 F.3d 610 (2d Cir. 2001) ......................................................................................................8

*Sommersett v. City of New York*,
    No. 09-CIV-5916 (LTS) (KNF), 2011 WL 2565301 (S.D.N.Y. June 28, 2011) .......................3

*Thomas v. iStar Fin., Inc.*,
    438 F. Supp. 2d 348 (S.D.N.Y. 2006), aff'd, 629 F.3d 276 (2d Cir. 2010) ...............................5

TABLE OF AUTHORITIES
*(continued)*

Page(s)

*Tomka v. Seller Corp.*,
  66 F.3d 1295 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc., v. Ellerth*, 524 U.S. 7432 (1998)..................................................................................6

*Vega v. Hempstead Union Free Sch. Dist.*,
  801 F.3d 72 (2d. Cir. 2015)..................................................................................................2

*Witkowich v. U.S. Marshals Serv.*,
  424 F. App'x 20 (2d Cir. May 27, 2011)..............................................................................9

*Witt v. Vill. of Mamaroneck*,
  992 F. Supp. 2d 350 (S.D.N.Y. 2014)..................................................................................5

**PRELIMINARY STATEMENT**

Defendants David Glasel, Lymaris Albors, and Raul Russi (the "Individual Defendants"), submit this reply memorandum of law in further support of their motion to dismiss (the "Motion") Plaintiff Mirna Martinez Santiago's Second Amended Complaint (the "Complaint"), with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

As a preliminary matter, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion (the "Opposition" or "Opp.") does not answer the Individual Defendants' arguments that the retaliation claim brought against them under Title VII fails as a matter of law, nor does it address the duplicative nature of her Twelfth Cause of Action alleging "discrimination based upon pay disparity" under the NYCHRL. Those Court should therefore dismiss those causes of action as against the Individual Defendants.

Regarding the other claims, Plaintiff opposes dismissal by raising spurious "factual arguments" as if on summary judgment. The Individual Defendants, however, have taken all of Plaintiff's allegations as true for purposes of their Motion. When the Complaint is viewed as a whole, in light of the Court's experience and common sense, those allegations do not support, and in fact undermine, any plausible inference of discrimination or retaliation.

In particular, Plaintiff's attempt to compare herself to Albors (Acacia Network's COO), Russell Palmer (Corporate Risk Manager), and Gia Rosado (Plaintiff's Supervisor) does not lay a foundation for any "plausible" discrimination claims. Albors, Palmer, and Rosado fail as comparators because the allegations show they held different positions at Acacia, and are not otherwise similarly situated to Plaintiff. Indeed, they represent many different races, national origins, colors, ages, and genders, (including (i) male, (ii) female, (iii) white, (iv) "not black," (v) "of color," (vi) Puerto Rican, (vii) Hispanic, and (viii) "European descent") and were treated favorably. In support of her retaliation claim, Plaintiff simply points to the allegations in her

1

Complaint. The opening brief shows why those allegations do not adequately plead adverse action or causation.

Plaintiff bears the burden to allege facts sufficient to support plausible claims. Plaintiff has failed to carry that burden, and the Court should dismiss the Complaint.

## LEGAL ARGUMENT

### I. PLAINTIFF CONCEDES THAT HER SIXTH AND TWELFTH CAUSES OF ACTION SHOULD BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS.

Plaintiff does not oppose the portions of the Motion seeking dismissal of the Sixth Cause of Action (Title VII Retaliation). And although Plaintiff argues that she "maintains a cause of action based upon pay disparity under the NYCHRL" (Opp. at 20), she fails to address the Individual Defendants' argument that the Twelfth Cause of Action alleging "discrimination based upon pay disparity" under the NYCHRL duplicates her Fifth Cause of Action alleging discrimination under the NYCHRL, (Motion at 22). Those claims should therefore be dismissed as against the Individual Defendants, with prejudice, for the reasons set forth in their moving memorandum of law. (*See* Motion at Section V.A and VI.) *See, e.g.*, *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-CV-7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) ("Numerous courts have held that a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument.") (collecting cases).

### II. PLAINTIFF IGNORES THE IMPLAUSIBILITY OF HER DISCRIMINATION CLAIMS.

Plaintiff asserts that she "need only give plausible support to a minimal inference of discriminatory motivation," citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d. Cir. 2015), for the proposition. (Opp. at 3-5.) Of greater significance to this Motion, however, is *Vega's* statement concerning "what 'plausibility' means in the context of employment discrimination claims." *Id*. at 86. The Second Circuit held, "At the pleadings stage…a plaintiff

2

must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id*. at 87.  A claim is not facially plausible unless "the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).  And to make that determination, courts in the Second Circuit agree that the *prima facie* elements of a discrimination claim "provide an outline of what is necessary to render her claims for relief plausible."  *Sommersett v. City of New York*, No. 09-CIV-5916 (LTS) (KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011).

The Complaint fails this test:  it does not allege facts plausibly connecting any Individual Defendant's conduct to employment actions adverse to Plaintiff.  Plaintiff's suggestion that merely conceivable claims of discrimination must survive a motion to dismiss disregards controlling legal authority, including *Vega*, the very case that she cites.  *See Iqbal*, 556 U.S. at 680 (holding that if the plaintiff has not "nudged [his] claims…across the line from conceivable to plausible," the complaint must be dismissed).

### III. PLAINTIFF DOES NOT STATE A PLAUSIBLE RACE, COLOR, NATIONAL ORIGIN, AGE, OR GENDER DISCRIMINATION CLAIM.

Plaintiff does not dispute that her Complaint must allege a "plausible inference of discrimination."  (Opp. at 4.)  Instead, Plaintiff argues that she has satisfied this standard by alleging a "mosaic of intentional discrimination" based on the following:  (i) she was treated less well (including with respect to pay) than Albors, Rosado, and Palmer (Opp. at 4-5); and (ii) Albors' alleged stray remark in support of young, Puerto Rican women (Opp. at 6-8).  These arguments lack merit.

### A. Plaintiff's Factual Allegations Do Not Support Albors, Rosado, and Palmer As Similarly Situated Comparators.

Arguing that she has pleaded facts that would (if true) raise an inference of discrimination, Plaintiff has narrowed her alleged comparators to three individuals: Albors, Rosado, and Palmer. Plaintiff further acknowledges that to qualify as comparators, Albors, Rosado, and Palmer must be "similarly situated" to her "in all material respects." (Opp. at 8.) The Motion previously addressed the Complaint's failings in this regard, and the Opposition does nothing to undercut that analysis. *Compare* Motion at 4-5 (construing the Complaint to identify six alleged comparators) *with* Opp. at 9-10.[1]

The "all material respects standard" requires Plaintiff to allege, at the very least, that Albors, Rosado, and Palmer "were subject to the same performance evaluation and discipline standards" and that they "went undisciplined [despite] engag[ing] in comparable conduct" to the conduct for which Plaintiff was disciplined. *Graham v. Long Is. R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). Plaintiff fails to do so. Instead, Plaintiff proffers only a conclusory argument that each of Albors, Rosado, and Palmer are a "similarly situated comparator," without pointing to any supporting factual allegations in her Complaint. (*See* Motion at 9-15.)

The Complaint pleads that Albors is Acacia Network's COO—a position that, on its face, is not comparable to Plaintiff's staff position in the organization's legal department. As for Rosado and Palmer, the mere fact that they work in the legal department with Plaintiff is (*without more*) insufficient to support a finding that they are "similarly situated" to her "in all

---

[1] Plaintiff's abandonment of her argument of Individual Defendant Raul Russi (CEO) as an alleged comparator further confirms that there is no basis for his liability in this Action. Indeed, his name appears only in passing in her Opposition. (Opp. at 19.)

4

material respects" for purposes of establishing disparate treatment. See *Thomas v. iStar Fin., Inc.*, 438 F. Supp. 2d 348, 368 (S.D.N.Y. 2006) (holding that plaintiff was not similarly situated to alleged comparator in the *same position* because the comparator held a college degree and plaintiff did not), *aff'd*, 629 F.3d 276 (2d Cir. 2010); *cf. Opoku v. Brega*, No. 15-CV-2213 (KMK), 2016 WL 5720807, at *10 (S.D.N.Y. Sept. 30, 2016) ("Plaintiff is not similarly situated to [alleged comparators] because they were Plaintiff's supervisors and had different responsibilities.").

Accordingly, Plaintiff's Complaint does not identify any comparators sufficient to raise an inference of discrimination against her based on her race, color, age, national origin, or gender. *See, e.g.*, *Witt v. Vill. of Mamaroneck*, 992 F. Supp. 2d 350, 360 n.10 (S.D.N.Y. 2014) ("[T]he Second Circuit has made clear that claims regarding the existence of comparators must be supported by facts rendering those claims plausible.") (collecting cases).[2]

### B. A Mere Allegation of Disparate Treatment, Without More, Does Not Raise An Inference of Discrimination.

Because the Complaint's allegations show that neither Albors, nor Rosado, nor Palmer are adequate comparators, Plaintiff is left with allegation that other employees at Acacia received

---

[2] Plaintiff's repeated mention that Albors and Palmer work or worked in "a position lower than that of Plaintiff," (Opp. at 9-10, 15-16), should be disregarded because those allegations are missing from the Complaint. *See, e.g., EklecCo NewCo LLC v. Town of Clarkstown*, No. 16-CV-6492 (NSR), 2018 WL 3023159, at *12 (S.D.N.Y. June 18, 2018) (holding it is "axiomatic that the Complaint cannot be amended by briefs in opposition to a motion to dismiss"). But in any event, those eleventh-hour allegations do not save her discrimination claims from dismissal.

5

better treatment that her, including with respect to pay. Plaintiff's Opposition, however, does not acknowledge the ample authority requiring more than a bald allegation of pay disparity to raise an inference of discrimination on the pleadings. *See, e.g., Humphries v. City of New York*, No. 13-CV-2641 (PAE), 2013 WL 6196561, at *7 (S.D.N.Y. Nov. 26, 2013) ("A bald allegation that one of [the plaintiff's] white colleagues—of unknown years of service, training, or experience—made 20% more than [the plaintiff's] starting salary is not enough, standing alone, to raise an inference of discrimination."); *see also Tomka v. Seller Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[S]he relies on the fact that those employees were paid more than she was and that they are men. These facts do not support an inference that Seiler acted with a discriminatory intent...."), *abrogated on other grounds by Burlington Indus., Inc., v. Ellerth*, 524 U.S. 7432 (1998); *McCullough v. Xerox Corp.*, 224 F. Supp. 3d 193, 199 (W.D.N.Y. 2016) ("It is well settled that claims of disparities in pay, without more, are insufficient to demonstrate discriminatory animus."); *McNutt v. Nasca*, No. 1:10-CV-1301 (MAD) (RFT), 2013 WL 209469, at *13 (N.D.N.Y. Jan 17, 2013) ("Evidence that plaintiff's male colleagues were paid a higher salary than plaintiff is insufficient to demonstrate that the disparity resulted from intentional sex discrimination.").

      The sole case that Plaintiff cites holding otherwise, *Ortiz v. City of New York*, 2019 U.S. Dist. LEXIS 84891 (S.D.N.Y. 2019), is not binding on this Court and cites no authority for the novel proposition that an alleged difference in pay is enough, by itself, to support an inference of discrimination. Indeed, were that the proper standard, and by way of example only, an older accountant could point to a younger CEO that is paid more, claim age discrimination, and survive dismissal on the pleadings. Such a result would run afoul of the plausibility standard that *Iqbal* requires.

6

### C. Albors' Alleged Stray Remark Is Distinguishable From The Repeated, Contextualized Ageist Comments in *Danzer*.

Plaintiff's remaining allegation in support of her theory of age and national origin discrimination—an alleged comment by Albors in support of young Puerto Rican women, made on an unknown date to an unknown audience—does not support an inference of discriminatory animus, and in fact, undermines her gender discrimination claim. Plaintiff does not plead any facts about the context of that isolated comment and does not even allege that it occurred in a conversation related to Plaintiff's employment or alleged disparate treatment. In short, Plaintiff's theory of discrimination based on Albors' alleged stray remark is not plausible.

Plaintiff argues in her Opposition that Albors' alleged comment was not a stray remark, but cites only one distinguishable case in support, *Danzer v. Norden Sys.*, 151 F.3d 50 (2d Cir. 1998). In *Danzer*, the plaintiff-employee had worked for the defendant for 27 years and consistently received exemplary performance reviews and bonus payments during his tenure. *Id.* at 53. But in 1992, the plaintiff's supervisor announced that (i) his goal for the new year would be to "get some younger people on board" to "raise the IQ" of the staff and bring in more business; (ii) the current staff were "alta(sic) cockers" (translated roughly to "old fogies") and later reiterated that he "meant" it; and (iii) the company "need[ed] new blood—new and younger, fresh skills from out of school." *Id.* The plaintiff then suffered, within the same year of those repeated, ageist comments, a series of adverse employment actions, including poor performance reviews and the elimination of his position. *Id.*

The summary judgment evidence proffered in *Danzer* is clearly distinguishable from Plaintiff's conclusory allegations (taken as true) regarding Albors' stray remark in support of young Puerto Rican women. Unlike the supervisor in *Danzer* who repeatedly made clear his bias against older workers within a year of taken multiple adverse actions against the plaintiff,

7

Plaintiff here does not and cannot allege that Albors exhibited bias against employees who were not "young Puerto Rican women." In the absence of any alleged connection to Plaintiff's employment or other indicia of discrimination, Albors' alleged comment is a stray remark that does not provide a foundation for Plaintiff's age and national origin discrimination claims.

### IV. PLAINTIFF DOES NOT STATE A PLAUSIBLE HOSTILE WORK ENVIRONMENT CLAIM.

Plaintiff's argument to save her hostile work environment claim entirely misses the point, and parrots the same conclusory allegations in her Complaint. (*See, e.g.,* Opp. at 11 ("Plaintiff was treated differently and worse than her co-workers based upon her membership in protected classes."); and 12 ("Plaintiff was passed over for promotions as a result of her Honduran national origin").) Those bald allegations do not permit the Court to conclude, as it must for her claim to survive, that any purportedly hostile actions took place "because of" her race, color, national origin, age, or gender. (*See* Motion at 15-16.) Plaintiff does not and cannot cite any authority holding otherwise.

Additionally, in arguing that "[t]he unequal treatment described in the Complaint constitute[s] more than trivial harms, petty slights, or minor annoyances," (Opp. at 12), Plaintiff improperly conflates her disparate treatment and hostile work environment claims. Whereas disparate treatment claims address "discrete harms such as hiring or discharge, a hostile work environment claim analyses a workplace environment as a whole to discover whether it is 'abusive.'" *Raniola v. Bratton*, 243 F.3d 610, 617 (2d Cir. 2001). The elements of disparate treatment and hostile work environment claims are likewise different. *See Gonzalez v. Police Com'r Bratton*, No. 96-CV-6330 (VM), 2000 WL 1191558, at *20 (S.D.N.Y. Aug. 22, 2000) (holding hostile work environment and disparate treatment claims "require[ ] different pleading

and proof"). In any event, Plaintiff's Complaint fails to allege an abusive work environment as a general matter, or disparate treatment more specifically.

### V. PLAINTIFF DOES NOT STATE A PLAUSIBLE DISPARATE PAY CLAIM.

Plaintiff argues that alleging that Acacia's president "raised concerns about hiring Palmer without a college degree and paying him more than female women" states a "knowing and willful violation of the Equal Pay Act." (Opp. at 14.) She fails, however, to identify any support for that novel proposition, and there is none. Plaintiff's EPA claim is time-barred. Moreover, as explained in the Motion and *supra*, neither Palmer nor Albors are proper comparators to Plaintiff under the NYCHRL, let alone under the EPA's and NYLL's more exacting standard. (Motion at 17-19.) For all of these reasons, Plaintiff's disparate pay claims should be dismissed.

### VI. PLAINTIFF DOES NOT STATE A PLAUSIBLE RETALIATION CLAIM.

Finally, Plaintiff fails to save her retaliation claim. As argued in the Motion (Motion at 19-22), Plaintiff failed to allege any conduct that is reasonably likely to deter a reasonable person from engaging in protected activity. *See, e.g.*, *Witkowich v. U.S. Marshals Serv.*, 424 F. App'x 20, 22 (2d Cir. May 27, 2011) (summary order) (holding that the retaliatory acts alleged, including reprimands and criticisms by supervisors, did not constitute adverse actions because they would not have dissuaded a reasonable employee in the plaintiff's position from complaining of unlawful discrimination); *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 848 (S.D.N.Y. 2013) ("[Y]elling, without more, does not constitute an adverse employment action."). Indeed, Plaintiff fails to cite a single fact or case in support of her conclusory arguments that "[t]he retaliatory actions complained of meet the standard of materially adverse actions" and "[t]he Complaint [] alleges that the retaliatory acts were directed at Plaintiff through retaliatory animus." (Opp. at 19-20.)

9

## **CONCLUSION**

For the reasons set forth above and in the moving papers, the Court should grant the Individual Defendants' Motion to dismiss the Second Amended Complaint, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 30, 2022

                         GIBSON, DUNN & CRUTCHER LLP

                         By: /s/ Richard W. Mark
                              Richard W. Mark
                              Hayley Fritchie

                              200 Park Avenue
                              New York, NY 10166-0193
                              (212) 351-4000
                              rmark@gibsondunn.com
                              hfritchie@gibsondunn.com

                              *Attorneys for Defendants Raul Russi, Lymaris Albors, and David Glasel*

## **CERTIFICATION OF COMPLIANCE**

This document complies with the formatting requirements of Rule II.D the Your Honor's Individual Practices because it was prepared in Times New Roman 12-point typeface and is double-spaced with one-inch margins.  This document also complies with the word limitation of Rule II.D because it contains 2778 words counted by Microsoft Word, excluding this Certificate of Compliance, the cover page, the table of contents, and the table of authorities.

Executed on June 30, 2022, New York, New York

                                                            /s/ Richard W. Mark
                                                            Richard W. Mark