UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MIRNA MARTINEZ SANTIAGO,

                       Plaintiff,                       Case No. 22-cv-00228 (JGK)

    - against -

ACACIA NETWORK, INC., PROMESA
ADMINISTRATIVE SERVICES ORGANIZATION,
INC. (PASO), DAVID GLASEL, LYMARIS ALBORS
and RAUL RUSSI,

                       Defendants.
-------------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties in the above-captioned action agree that the discovery sought by all parties is likely to involve the production of certain documents and things, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into the Confidentiality Stipulation and Protective Order ("Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.     This Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

1

"Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Confidential Information shall apply to any documents or information that Defendants or Plaintiff provide during discovery in this litigation and designate as Confidential. Documents and information that may be designated as Confidential for the purposes of this litigation shall include, but are not limited to, competitive business information, proprietary information, trade secrets, Acacia Network, Inc.'s policies and procedures, salary, compensation and benefits information, disciplinary records, third-party personnel documents, internal investigations undertaken by Acacia Network, Inc., patient information, information protected from disclosure by HIPAA, information protected from disclosure by New York Public Health Law Section 2805-m, and all communications involving any of the foregoing areas. Documents and information that may be designated as confidential for the purposes of this Action shall include, but are not limited to, any information of a personal or intimate nature regarding any individual, including but not limited to, Plaintiff's and the individual Defendants' personnel and medical records, as well as any information or documents that contain, reflect or pertain to personal information of any Acacia Network, Inc. employee, Plaintiff, the individual Defendants, or any of Plaintiff's or the individual Defendants' family members.

3. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court by presenting a motion to the Court for an *in camera* review and/or a determination regarding confidentiality. Nothing in this

Protective Order constitutes an admission by any party that Confidential Information disclosed in above-captioned action is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed in accordance with applicable law and Court rules. Each party also reserves its right to use its own documents or information, which may or may not have been designated by a party as "Confidential" in any manner without consent of the opposing party or the Court.

5.  Information or documents designated as "confidential" shall not be disclosed to any person, except:

   a.  The named parties and counsel of record, including in-house counsel, of-counsel to counsel of record, and counsel of records administrative and support staff including paralegals and Legal Assistants;

   b.  Employees of such requesting party or counsel of record assigned to as necessary to assist in the above-captioned action;

   c.  Consultants, investigators or experts assisting in the prosecution or defense of the above-captioned action, to the extent deemed necessary by counsel of record;

   d.  Outside database service providers, trial support firms, graphic production services, litigation support services, court reporters, stenographers, and translators engaged by the parties during the above-captioned action to whom disclosure is reasonably necessary;

   e.  The author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information;

3

    f.    Any person from whom testimony is taken or is to be taken in the above-captioned action, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    g.    The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court), including the District Court Judge and Magistrate Judge, or the jury at trial, *and any appellate court*.

[handwritten margin note: "So /C"]

    h.    A mediator agreed to between the parties or their counsel, or assigned by the Court, for the purpose of attempting to reach a global resolution of this action.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a.    inform the person of the confidential nature of the information or documents; and

    b.    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the above-captioned action and has enjoined the disclosure of that information or document to any other person.

7. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 5(c), (d), and (f) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the

4

form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

9. If a non-designating party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, that party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the form attached as Exhibit A.

10. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of the documents under seal (beyond the submission of this Order), it shall be the obligation of the designating party to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal. This Order is not intended to prevent any party from filing with the Court any motion or other supporting papers marked confidential by redacting confidential portions of such documents, when possible, without having to file such document under seal.

11. At the conclusion of litigation, including any appeals, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment and no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

12. The foregoing is entirely without prejudice to the right of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible; apply to the Court for any further Protective Order relating to Confidential Information; object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

13. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend the Order at any time.

The parties having stipulated and agreed hereto, it is SO ORDERED, this _21_ day of _November_ 2022

So Ordered:

_/s/ John G. Koeltl_

So Stipulated and Agreed:

THE SIEGEL LAW FIRM, P.C.

_____
Bradley R. Siegel, Esq.
591 Stewart Avenue, Suite 550
Garden City, New York 11530
(516) 588.7559
Bradley@thesiegellawfirm.com
*Attorneys for Plaintiffs*

LEWIS BRISBOIS BISGAARD & SMITH LLP

_____
Peter T. Shapiro, Esq.
77 Water Street, Suite 2100
New York, New York 10005
(212) 232.1300
Peter.Shapiro@lewisbrisbois.com
*Attorneys for Defendants Acacia Network Inc. and Promesa Administrative Services Organization Inc.*

GIBSON, DUNN & CRUTCHER LLP

_____
Richard W. Mark, Esq.
200 Park Avenue
New York, New York 10166-0193
(212) 351.3818
rmark@gibsondunn.com
*Attorneys for Defendants David Glasel, Lymaris Albors and Raul Russi*

7